UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| LYNN LANDRY | * | CIVIL ACTION NO.: |
| | * | |
| VERSUS | * | MAGISTRATE: |
| | * | |
| WEST ASCENSION PARISH | * | |
| HOSPITAL SERVICE DISTRICT d/b/a | * | JUDGE: |
| PREVOST MEMORIAL HOSPITAL | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

Plaintiff, Lynn Landry, brings this action against her employer, West Ascension Parish Hospital Service District d/b/a Prevost Memorial Hospital, and alleges as follows:

### I.    JURISDICTION

1.    Plaintiff brings this claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.* to recover unpaid overtime compensation under §16(b) of the FLSA. This Court has jurisdiction under 28 U.S.C. §1331.

### II.    PARTIES

2.    Plaintiff, Lynn Landry ("Landry"), is domiciled in Assumption Parish, State of Louisiana, and has been employed by Defendant from approximately August, 2014 through June, 2020.

3.    Plaintiff has consented to filing the instant action. (Exhibit "A").

4.    Upon information and belief, Defendant, West Ascension Parish Hospital Service District, is political subdivision which operates Prevost Memorial Hospital located at 301 Memorial Drive, Donaldsonville, Louisiana.  Defendant is hereinafter referred to as "Prevost Hospital."

### III.    VENUE

5.    Venue is proper in this District as Defendant conducts business in this Division, and Plaintiff performed work for Defendant in Ascension Parish.

### IV.    COVERAGE UNDER THE FLSA

6.    At all times hereinafter mentioned, Defendant was an employer within the meaning of 29 U.S.C. §203(d).

7.    At all times hereinafter mentioned, Defendant was an enterprise within the meaning of 29 U.S.C. §203(r).

8.    At all pertinent times, Defendant was an enterprise engaged in commerce or in the production of goods or services for commerce within the meaning of 29 U.S.C. §203(s)(1).

9.    Defendant has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

10.    At all times hereinafter mentioned, Plaintiff was an individual employee engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207.

### V.    FACTS

11.    Defendant operates Prevost Memorial Hospital in Donaldsonville, Louisiana.

12.    Plaintiff was employed by Defendant as a registered nurse and was paid on an hourly basis.  No part of Plaintiff's wages was paid on a salary basis.

13.    Plaintiff was misclassified by Defendant as exempt from FLSA overtime requirement.

### VI.    VIOLATION OF THE FAIR LABOR STANDARDS ACT FOR FAILURE TO PAY OVERTIME COMPENSATION

14.    Plaintiff re-alleges and incorporates by reference the preceding paragraphs.

15.    Defendant paid Plaintiff straight-time for all hours worked but failed to pay an overtime premium for all hours worked over forty (40) in a workweek.

16.    Plaintiff was not compensated in accordance with the FLSA because she was not paid overtime wages for all hours worked over forty (40) hours in a workweek for all weeks.

17.    Plaintiff's hours varied from week to week during her employment with Defendant but she regularly worked more than forty (40) hours in a workweek.

18.    For instance, during the workweek of February 11, 2019, Plaintiff worked sixty-four (64) hours.  She was paid her regular hourly rates for all hours worked but was denied an overtime premium for the twenty-four (24) hours she worked over forty (40) during that workweek.

19.    For the workweek of February 18, 2019, Plaintiff worked eighty-eight (88) hours. She was not paid an overtime premium for the forty-eight (48) hours worked in excess of forty (40) during that workweek.

20.    Pursuant to the FLSA, 29 U.S.C. §207, employers are generally required to pay overtime compensation at an hourly rate of 150% of an employee's regular rate of pay for hours worked over forty (40) in a workweek.

21.    Defendant violated the provisions of Section 7 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by not paying Plaintiff overtime.

22.    Defendant knowingly, willfully, or in reckless disregard of the law, maintained an illegal practice of failing to pay Plaintiff overtime compensation for all hours worked over forty (40) by failing to pay during her employment.

## RELIEF SOUGHT

**WHEREFORE**, Plaintiff, Lynn Landry, prays for judgment in her favor and against Defendant, West Ascension Parish Hospital Service District d/b/a Prevost Memorial Hospital, as follows:

1.      For an Order finding Defendant liable for unpaid back overtime wages due to Plaintiff and for liquidated damages equal in amount to the unpaid compensation;

2.      For an award of costs of this action;

3.      For an award of attorneys' fees;

4.      For an award of pre- and post-judgment interest; and

5.      For any and all other and further relief, including but not limited to consequential damages, as may be necessary and appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury.

Respectfully Submitted:

By:   /s/ Philip Bohrer
      Philip Bohrer (Bar Roll No. 14089)
      *phil@bohrerbrady.com*
      Scott E. Brady (Bar Roll No. 24976)
      *scott@bohrerbrady.com*
      BOHRER BRADY, LLC
      8712 Jefferson Highway, Suite B
      Baton Rouge, Louisiana   70809
      Telephone: (225) 925-5297
      Facsimile: (225) 231-7000