UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| LYNN LANDRY, SHAMIEKA DAVIS, | * | |
| KRISTIN ESQUIVEL, CANDAICE GANT, | * | CIVIL NO.: 3:20-cv-00541-BAJ-SDJ |
| DIONNE HARVEY, APRIL JACOBS, | * | |
| BRITTANY JORDAN, NICOLE MATT, | * | |
| IANTHA MILLIEN, AUDRA VILLA, | * | |
| TRINEASE SANDERS, BARBARA | * | |
| BROWN and KRISTEN LEBLANC, | * | |
| Individually and on behalf of others | * | |
| similarly situated | * | |
| | * | |
| VERSUS | * | |
| | * | |
| WEST ASCENSION PARISH | * | COLLECTIVE ACTION |
| HOSPITAL SERVICE DISTRICT d/b/a | * | |
| PREVOST MEMORIAL HOSPITAL | * | |

******************************************************************************

## FIRST AMENDED COMPLAINT

Plaintiffs file this First Amended Complaint against their employer, West Ascension Parish Hospital Service District d/b/a Prevost Memorial Hospital, and allege as follows:

### I.    JURISDICTION

1. Plaintiffs, individually and on behalf of similarly situated employees, bring this claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq*. to recover unpaid overtime compensation under §16(b) of the FLSA. This Court has jurisdiction under 28 U.S.C. §1331.

### II.    PARTIES

2. Plaintiff, Lynn Landry ("Landry"), is domiciled in Assumption Parish, State of Louisiana, and was employed by Defendant from approximately August, 2014 through June, 2020.

3. Plaintiff, Shamieka Davis ("Davis"), is domiciled in Ascension Parish, State of Louisiana, and has been employed by Defendant since approximately February, 2015.

4. Plaintiff, Kristin Esquivel ("Esquivel"), is domiciled in Assumption Parish, State of Louisiana, and has been employed by Defendant since approximately January, 2016.

5. Plaintiff, Candaice Gant ("Gant"), is domiciled in Ascension Parish, State of Louisiana, and has been employed by Defendant since approximately May, 2012.

6. Plaintiff, Dionne Harvey ("Harvey"), is domiciled in Ascension Parish, State of Louisiana, and was employed by Defendant from approximately August, 2002 through July, 2020.

7. Plaintiff, April Jacobs ("Jacobs"), is domiciled in Assumption Parish, State of Louisiana, and has been employed by Defendant since approximately October, 2002.

8. Plaintiff, Brittany Jordan ("Jordan"), is domiciled in Ascension Parish, State of Louisiana, and has been employed by Defendant since approximately August, 2011.

9. Plaintiff, Nicole Matt ("Matt"), is domiciled in Assumption Parish, State of Louisiana, and has been employed by Defendant since approximately June, 2008.

10. Plaintiff, Iantha Millien ("Millien"), is domiciled in Ascension Parish, State of Louisiana, and has been employed by Defendant since approximately September, 2012.

11. Plaintiff, Trinease Sanders ("Sanders"), is domiciled in St. James Parish, State of Louisiana, and has been employed by Defendant since approximately June, 2014.

12. Plaintiff, Audra Villa ("Villa"), is domiciled in Ascension Parish, State of Louisiana, and has been employed by Defendant since approximately September, 2015.

13. Plaintiff, Barbara Brown ("Brown"), is domiciled in Ascension Parish, State of Louisiana, and was employed by Defendant from approximately July, 2005 to August, 2019.

14. Plaintiff, Kristen LeBlanc ("LeBlanc"), is domiciled in Assumption Parish, State of Louisiana, and was employed by Defendant from approximately September, 2014 to August, 2020.

15. Plaintiffs have consented to filing the instant action. (Exhibits "A-M").

16. Plaintiffs bring these claims individually and on behalf of all similarly situated nurses and certified nursing assistants ("CNA").

17. Upon information and belief, Defendant, West Ascension Parish Hospital Service District, is political subdivision of the Parish of Ascension operates Prevost Memorial Hospital located at 301 Memorial Drive, Donaldsonville, Louisiana. Defendant is hereinafter referred to as "Prevost Hospital."

### III.    VENUE

18. Venue is proper in this District as Defendant conducts business in this Division, and Plaintiffs performed work for Defendant in Ascension Parish, State of Louisiana.

### IV.    COVERAGE UNDER THE FLSA

19. At all times hereinafter mentioned, Defendant was an employer within the meaning of 29 U.S.C. §203(d).

20. At all times hereinafter mentioned, Defendant was an enterprise within the meaning of 29 U.S.C. §203(r).

21. At all pertinent times, Defendant was an enterprise engaged in commerce or in the production of goods or services for commerce within the meaning of 29 U.S.C. §203(s)(1).

22. Defendant has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

23. At all times hereinafter mentioned, Plaintiffs and the Collective Members were individual employees engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207.

24. Plaintiffs and the Collective Members used cell phone, computers and medical that were manufactured in and/or shipped from other states and/or countries.

## V.    FACTS

25. Defendant operates Prevost Memorial Hospital in Donaldsonville, Louisiana.

26. Plaintiffs and the Collective Members were employed by Defendant as nurses and CNA's, and were paid on an hourly basis. No part of their wages was paid on a salary basis.

27. Defendant failed to meet its obligation of paying Plaintiffs and the Collective Members an overtime premium for all hours worked over forty (40) in a workweek.

## VI.    COLLECTIVE ACTION ALLEGATIONS

28. Plaintiffs bring this claim under Section 216(b) of the FLSA as a collective action.

29. The same policy that caused Plaintiffs to be denied their overtime pay caused the Collective Members to be denied their overtime pay.

30. While the precise job duties performed by the Collective Members might vary somewhat, these differences do not matter for the purpose of determining their entitlement to overtime.

31. Nor do any differences in job duties matter for determining whether Defendant's policy of not paying the Collective Members overtime is legal.

32. The members of the Collective are all entitled to overtime for all hours worked over forty (40) in a workweek consistent with the overtime requirements of the FLSA.

33. Because Defendant uniformly failed to pay overtime for all hours over forty (40) in a workweek to the Collective Members, Plaintiffs and the Collective Members are similarly situated within the meaning of 29 U.S.C. § 216(b).

34. Upon information and belief, Defendant employed numerous nurses and CNA's in the past three (3) years who were paid in the same manner and under the same payroll policy as Plaintiffs and were not paid an overtime premium for all hours worked over forty (40) in a workweek.

35. Nearly all of the questions related to Plaintiffs and the Collective Members can be answered on a collective basis.

36. Defendant's practice of not paying Plaintiffs and the Collective Members overtime wages is based on established companywide policies applicable to all Collective Members.

37. Defendant's payroll and time-keeping records would permit accurate calculation of damages with respect to each member of the Collective.

38. Absent a collective action, many members of the Collective likely will not obtain redress of their injuries and Defendant will retain the proceeds of its violations of the FLSA.

39. Furthermore, individual litigation would be unduly burdensome to the judicial system.

40. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the Collective and provide for judicial consistency.

### VII.    COLLECTIVE DEFINITION

41. Plaintiffs bring this lawsuit pursuant to Section 216(b) of the FLSA as a collective action on behalf of:

> All hourly employees, including nurses and certified nursing assistants (CNA's), employed by West Ascension Parish Hospital Service District d/b/a Prevost Memorial Hospital who worked over forty (40) hours in a workweek, and were not paid an overtime premium for all hours worked over forty (40) in a workweek, within the last three (3) years.

## VIII. VIOLATION OF THE FAIR LABOR STANDARDS ACT FOR FAILURE TO PAY OVERTIME COMPENSATION

42. Plaintiffs re-allege and incorporate by reference the preceding paragraphs.

43. Defendant paid Plaintiffs and the Collective Members hourly rates but failed to pay an overtime premium for all hours worked over forty (40) in a workweek.

44. Plaintiffs and the Collective Members were not compensated in accordance with the FLSA because they were not paid overtime wages for all hours worked over forty (40) hours in a workweek for all weeks.

45. Plaintiffs' and the Collective Members' hours varied from week to week during their employment with Defendant but they regularly worked more than forty (40) hours in a workweek.

46. Defendant employed hourly PRN and fulltime ("Staff") nurses, and CNA's.

47. PRN nurses, such as Landry, Gant, Harvey, Jacobs, LeBlanc and Villa, were paid straight-time wages for all hours worked with no overtime premiums.

48. For instance, during the workweek of February 11, 2019, Plaintiff Landry worked sixty-four (64) hours. She was paid her regular hourly rates for all hours worked but was denied an overtime premium for the twenty-four (24) hours she worked over forty (40) during that workweek.

49. For the workweek of February 18, 2019, Plaintiff Landry worked eighty-eight (88) hours. She was not paid an overtime premium for the forty-eight (48) hours worked in excess of forty (40) during that workweek.

50. During the workweek of January 6, 2020, Plaintiff Gant worked sixty-six (66) hours. She was paid her regular hourly rates for all hours worked but was not paid an overtime premium for the twenty-six (26) hours of overtime.

51. Plaintiff Villa worked one hundred nineteen (119) hours for the two-week pay period starting February 24, 2020. She was paid straight-time pay for all hours but was not paid an overtime premium for any of the hours worked over forty (40) in a workweek.

52. During the work period beginning June 29, 2020, Plaintiff LeBlanc worked eighty-four (84) hours. She did not receive an overtime premium for the hours she worked over forty (40) in a workweek.

53. Staff Nurses were paid overtime wages for some hours worked but not for all hours worked over forty (40) in a workweek.

54. For example, Staff Nurses were regularly scheduled to work set shifts during a two-week pay period. They worked twenty-four (24) hours the first workweek and sixty (60) hours the second workweek, for a total of eighty-four (84) hours during a two-week period. Instead of paying the Staff Nurses for twenty (20) hours of overtime for the workweek where the Staff Nurses worked sixty (60) hours as required by the FLSA, Defendant paid each Staff Nurse for four (4) hours of overtime.

55. As an example, during the week of August 24, 2020, Plaintiff Sanders worked sixty (60) hours, and worked twenty-four (24) hours during the week of August 31, 2020. Instead of paying Plaintiff Sanders twenty (20) hours of overtime as required by the FLSA, Defendant paid her just (four (4) hours.

56. Plaintiff Davis worked sixty and one-half (60½) hours during the workweek of August 24, 2020, and thirty-two (32) hours the week of August 31, 2020, for a total of ninety-two and one-half (92½) hours during the two-week pay period. Plaintiff Davis did not receive any overtime pay for this period.

57. As another example, Plaintiff Jordan worked sixty (60) hours during the week of May 4, 2020, and forty-eight (48) hours the week of May 11, 2020. She did not receive an overtime premium for the twenty-eight (28) hours of overtime she worked during that two-week period.

58. Likewise, Plaintiff Matt did not receive a premium for all of the overtime she worked. During the first week of two-week pay period beginning June 3, 2019, Plaintiff Matt worked twenty-four (24) hours. She worked fifty-nine (59) hours during the second week. Instead of paying her an overtime premium for the nineteen (19) hours of overtime she worked during the second week, Defendant paid her three (3) hours of overtime.

59. CNA's were similarly denied overtime pay. For example, Plaintiff Brown was scheduled 12-hour shifts, three (3) days on and two (2) days off which resulted in numerous hours of overtime during a given workweek. She was not paid an overtime premium for regularly scheduled shifts. She was only paid an overtime premium if she worked an unscheduled shift.

60. Pursuant to the FLSA, 29 U.S.C. §207, employers are generally required to pay overtime compensation at an hourly rate of 150% of an employee's regular rate of pay for hours worked over forty (40) in a workweek.

61. Defendant violated the provisions of Section 7 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by not paying Plaintiffs and the Collective Members overtime.

62. Defendant knowingly, willfully, or in reckless disregard of the law, maintained an illegal practice of failing to pay Plaintiffs and the Collective Members overtime compensation for all hours worked over forty (40) by failing to pay during her employment.

**RELIEF SOUGHT**

**WHEREFORE**, Plaintiffs pray for judgment in their favor and against Defendant, West Ascension Parish Hospital Service District d/b/a Prevost Memorial Hospital, as follows:

1.      An order designating this lawsuit as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) to the Collective Members to permit them to join this action by filing a written notice of consent;

2.      Judgment awarding Plaintiffs and the Collective Members all unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

3.      Pre- and post-judgment interest at the highest rate allowable by law; and

4.      All such other and further relief to which Plaintiffs and the Collective Members may show themselves to be justly entitled.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues so triable as a matter of right by jury.

Respectfully Submitted:

By: /s/ Philip Bohrer
    Philip Bohrer (Bar Roll No. 14089)
    phil@bohrerbrady.com
    Scott E. Brady (Bar Roll No. 24976)
    scott@bohrerbrady.com
    BOHRER BRADY, LLC
    8712 Jefferson Highway, Suite B
    Baton Rouge, Louisiana 70809
    Telephone: (225) 925-5297
    Facsimile: (225) 231-7000